The Honorable Phil Kline State Representative, Nineteenth District 7505 W. 93rd Overland Park, Kansas 66212
Dear Representative Kline:
You request our opinion regarding whether a 1994 statute that excludes certain retired legislators from receiving an increase in KPERS benefits violates the due process and equal protection clause of thefourteenth amendment to the United States constitution and its counterpart at sections 1 and 2 of the Kansas bill of rights.
Section 32 of chapter 293 of the 1994 session laws provides an increase in pension benefits for certain retirants who retired prior to July 1, 1993. "Retirant" is defined as follows:
 "(1) `Retirant' means (A) any person who is a member of a retirement system and who retired prior to July 1, 1993, (B) any person who is a special member of a retirement system and who retired prior to July 1, 1993, (C) any person who is a joint annuitant or beneficiary of any member described in clause (A) or any special member described in clause (B), and (D) any insured disability benefit recipient, except that `retirant' does not include any person whose total service credit is based exclusively on service as a member of the legislature or exclusively on such legislative service and on military or out-of-state teaching service, or exclusively on both such military and out-of-state teaching service in conjunction with such legislative service." (Emphasis added).
Sections 1 and 2 of the Kansas bill of rights are counterparts to thefourteenth amendment to the United States constitution and are given the same effect as the fourteenth amendment's equal protection and due process clause. Henry v. Bauder, 213 Kan. 751, 752 (1974). The protections afforded by sections 1 and 2 are duplicative of those provided by the fourteenth amendment and the test for constitutional transgression is identical. Consequently, if a law does not violate thefourteenth amendment of the United States constitution, neither does it violate sections 1 and 2
of the bill of rights of the Kansas constitution.Leiker v. Employment Security Board of Review, 8 Kan. App. 2d 379, 387
(1983).
 "The difference between the constitutional concepts of due process and equal protection is that due process emphasizes fairness between the state and the individual dealing with the state, regardless of how other individuals in the same situation are treated, while equal protection emphasizes disparity in treatment by a state between classes of individuals whose situations are arguably indistinguishable. (Citation omitted). The test in determining the constitutionality of a statute under due process or equal protection weighs identical factors. When a statute is attacked as violative of due process, the test is whether the legislative means selected has a real and substantial relation to the objective sought. This rule has been restated in terms of whether the statute is reasonable in relation to its subject and is adopted in the interest of the community." Peterson v. Garvey Elevators, Inc., 252 Kan. 976, 981 (1993); Chiles v. State, 254 Kan. 888 (1994).
Because this legislation is social and economic in nature, the standard of scrutiny for equal protection analysis is the "rational basis" test which means that the legislation will be upheld unless the statutory classification rests on grounds wholly irrelevant to the achievement of the state's legitimate objective. Peterson at p. 982.
 "Under the rational basis test, it is unnecessary to ascertain the specific purpose the Kansas legislature espoused, if any, in establishing the challenged classification. Rather, if any state of facts reasonably may be conceived to justify the alleged statutory discrimination, the statute will not be set aside as a violation of equal protection. A statute comes before the court cloaked in a presumption of constitutionality, and it is the duty of the party attacking the statute to sustain the burden of proof. Peterson at p. 982.
In short, equal protection is not violated simply because increased pension benefits are given to one class of retirants and denied to another class. The question is whether this classification bears a rational relationship to the legitimate state objective of enabling state employees to accumulate reserves for themselves and their dependents upon retirement and to insure a fiscally solvent retirement system. K.S.A.74-4901; Donner v. Kansas Department of Human Resources, 236 Kan. 371,376 (1984). If the classification created by the statute in question enables employees to accumulate reserves for themselves and their dependents and insure a fiscally solvent retirement system, the classification will be upheld and a violation of the equal protection clause of the United States and Kansas constitutions will not have occurred. Similarly, if the exemption of certain retired legislators, has a real and substantial relationship to this legitimate state objective, the exemption will pass muster under the due process clause of both federal and state constitutions.
Retired state employees have been receiving increases in their pension benefits every year since 1985. K.S.A. 74-4948, 74-4949, 74-4950,74-4950a, 74-4950b, 74-4950c, 74-4950d, 74-4950e, K.S.A. 1993 Supp.74-4950f, chapter 293, sec. 32, L. 1994. In the 1994 legislative session, the definition of "retirant" was defined in such a way as to exclude certain retired legislators. Legislative history sheds no light on why this class was denied the increase that they had previously received every year since 1985. Members of the subcommittee on retirement did voice concerns that KPERS retired members had received steady increases annually and that some of the increases were greater than the consumer price index. Minutes, Senate Committee on Ways and Means, March 28, 1994, attachment 1. Senator Kerr questioned building in additional expenses which would have to be funded in future years.Minutes, Senate Committee on Ways and Means, March 28, 1994.
Although the legislative history does not indicate the purpose for excluding retired legislators from receiving an increase in their pension benefits, legitimate purposes for such a classification may certainly exist. Furthermore, the classification does not violate the purpose of KPERS by preventing state employees from accumulating reserves and may, in fact, promote the goal of insuring a fiscally solvent retirement system. Because this legislative classification has a presumption of constitutionality and there is no evidence which would override such a presumption, it is our opinion that the classification is legitimate and does not violate either the fourteenth amendment to the United States constitution or sections 1 and 2 of the Kansas bill of rights.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm